# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANIEL TIMOTHY LAVERGNE, JR.** | : | **DOCKET NO. 18-cv-102** |
| **DOC # 707218** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DANIEL ROWE** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Daniel Timothy Lavergne, Jr. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Vernon Correctional Center in Leesville, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as time-barred.

## I.
### BACKGROUND

Lavergne states that he pleaded guilty to a charge of aggravated armed robbery in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, and was sentenced on November 19, 2015, to a twelve-year term of imprisonment. Doc. 1, p. 1. He indicates that he did not file any appeal or application for post-conviction relief in the state courts, nor can we find any record of such proceedings in the databases available to us.[1] *See id.* at 1–15.

---

[1] We do find mention of a Daniel Lavergne as one of the perpetrators of the armed robbery of the Royal Palace Casino on January 19, 2015, in the appeal of his accomplice at *State v. Jones*, 229 So.3d 1002 (La. Ct. App. 3d Cir. 2017).

On or about January 25, 2018, Lavergne filed the instant habeas petition and supporting memorandum. Doc. 1; doc. 1, att. 2. In his first claim for relief he alleges that the state of Louisiana, "by the act of 'denationalization' committed on petitioner," has made him "a 'black' 'political hostage.'" Doc. 1, att. 2, p. 2 (capitalization corrected). In his second claim, he contends that the state had no jurisdiction over his case because of this "denationalization." *Id.* at 4–6.

The form used by Lavergne for his petition explained:

> CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Doc. 1, p. 5 (emphasis in original). In the space provided to explain why he had not exhausted state remedies, Lavergne stated "a conflict between state laws and federal laws and the United States Constitution," and added that he did not raise the issues on direct appeal because "lower courts [have] no jurisdiction to rule or hear claims of conflict between state and federal laws." *Id.* at 5, 7 (capitalization corrected).

The form also included a warning on timeliness, stating: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." *Id.* at 13. In a footnote, the form then provided the applicable limitations periods and grounds for statutory tolling under that law. *Id.* at 13–14. Lavergne responded:

> In the [interest] of justice.
> This is a constitutional issue.
> The state of Louisiana applied unconstitutional acts and laws upon petitioner. These acts and laws violate[] the United States Constitution and its treaties, depriving petitioner of his liberty.

*Id.* at 13. (capitalization corrected).

## II.
### LEGAL STANDARDS

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### III.
### APPLICATION

Because Lavergne did not file an appeal, his conviction became final upon his expiration of time for making a motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Under the Louisiana Code of Criminal Procedure, that time period concluded on Monday, December 21, 2015. LA. C. CR. P. arts. 13 & 914. Accordingly, his one-year limit for filing the instant petition under § 2244(d)(1) began to run on December 22, 2015. Because he did not file an application for post-conviction relief, he is not entitled to statutory tolling. *See* § 2244(d)(2). His one-year limit therefore ended on December 21, 2016, well before this petition was filed on or about January 25, 2018.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Lavergne does not allege any facts that support a finding of equitable tolling, though he was given notice of the applicable time limit and the necessity of excusing his failure to meet it in his petition. He has not alleged that he was actively misled nor has he asserted that he was

prevented in some extraordinary way from asserting his rights. We note that a § 2254 petition may be entertained in this court "only on the [basis that the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Lavergne's claims cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

## IV.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 5th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE